

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,330-01

### EX PARTE WILLIAM HOSEA ENGLISH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-17-0829-SA-W-1 IN THE 119TH DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment.

Applicant contends that counsel failed to file a notice of appeal. The trial court made findings of fact and conclusions of law and recommended that we grant Applicant an out-of-time appeal. There is not, however, a response from trial counsel in the record. He should be given the opportunity to respond. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced

as ineffective."). The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing trial counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because trial counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 25, 2019
Do not publish